UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RUTHIE HARPER, M.D. § | | |
| *Plaintiff*, § | | |
| § | | |
| § | | |
| vs. § | CIVIL ACTION NO. | 1:16-cv-00478 _____ |
| § | | |
| AMERICAN CASUALTY COMPANY § | | |
| OF READING, PENNSYLVANIA, § | | |
| *Defendant* § | | |

## ORIGINAL COMPLAINT

Ruthie Harper, M.D. hereby files this complaint against American Casualty Company of Reading, Pennsylvania and would respectfully show the following:

### I.  JURISDICTION AND VENUE

1. 28 U.S.C. § 1332 (a)(1) gives this Court diversity jurisdiction.  Plaintiff is a citizen of Texas.  Defendant is incorporated under the laws of Pennsylvania with its principal place of business in Chicago, Illinois.  The amount in controversy exceeds $75,000, without interest and costs.

2. The Court also has jurisdiction over the request herein for declaratory relief pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. Rule 57.  An actual and substantial controversy exists between the parties.  By this action, Plaintiff, among other things, seeks a declaration that Defendant owes Plaintiff a duty to defend and reimburse Plaintiff for defense costs in connection with an underlying lawsuit as further detailed herein.

3. Venue is proper in the Western District of Texas pursuant to 28 U.S.C § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## II.  PARTIES

4. Ruthie Harper, M.D. is a Texas citizen residing in Austin, Travis County, Texas.

5. Defendant American Casualty Company of Reading, Pennsylvania ("American Casualty") is a foreign corporation incorporated under the laws of Pennsylvania.  Defendant may be served with process by serving its registered agent:  CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## III.  NATURE OF THE ACTION

6. This suit for breach of contract and unfair insurance practices arises from American Casualty's failure to defend and agree to indemnify Dr. Ruthie Harper in connection with a lawsuit styled *Wellbeing Genomics Pty Ltd. v. PLLG, LLC, Dr. Ruthie Harper, David Urman, Armitage Family, L.P., Armitage, L.L.C. and Qivana, LLC*, No. D-1-GN-14-002452, filed in the 98th District Court, Travis County, Texas (the "Underlying Lawsuit").  Plaintiff additionally seeks a declaration that American Casualty owes her a defense and indemnity under the applicable liability policy, and Plaintiff further seeks damages, penalties, attorneys' fees and costs, prejudgment and postjudgment interest.

## IV.  STATEMENT OF FACTS

7. Dr. Ruthie Harper is a medical doctor who began her career as a Board Certified Internist.  She realized that traditional medicine provides ways to treat the symptoms of disease, but is not designed to prevent disease or regain optimal health.  Retracing her medical training back to basic biochemistry, Dr. Harper realized that if a person had perfect cellular function, they would be optimally healthy and disease free.  This led Dr. Harper to research and develop scientifically based health and beauty products.  Her products move beyond temporary fixes that

use drugs or other technologies and transform both the health and the appearance of individuals worldwide.

8. Dr. Harper founded Nutritional Medicine Associates, her internationally recognized practice in Austin, Texas, in 1999. That company was converted in 2000 to Ruthie Harper, MD, PA, a professional corporation of which Dr. Harper is the president and sole shareholder. Since that time, Dr. Harper has consulted with thousands of individuals and offers the latest services and techniques in health, wellness, non-surgical rejuvenation, and skincare. Her ongoing success serving the health and beauty industries is based primarily on her innovative integration of research, nutritional science, and advanced aesthetics.

9. Using science as a foundation, Dr. Harper designs innovative treatment programs for individuals seeking to optimize their overall health, beauty, and wellness. Her breakthrough treatments have made her a leading expert, frequently speaking at medical conferences across the nation. Most recently, Dr. Harper's focus has been on DNA testing for certain gene markers known as Single Nucleotide Polymorphism's ("SNP's") as a means of developing personalized skin care interventions based on a person's genetic profile. In connection therewith, Dr. Harper created the SKINSHIFT® program to test and identify these SNPs in order to develop these personalized skin care plans based on a particular person's individualized genetic factors. She has followed the clinical results of numerous individuals using genetically designed skincare and supplementation with the SKINSHIFT® program.

10. In 2010, Dr. Harper began using the DNA testing services of Wellbeing Genomics Pty Ltd. ("Wellbeing"). Dr. Harper formed a separate entity called PLLG, LLC ("PLLG") in 2011 that worked with Wellbeing. This relationship continued into 2014. Dr. Harper and PLLG then began distributing SKINSHIFT® products through Qivana later in 2014.

11. Around mid-2012, Dr. Harper began working with David Urman as her new business development partner.  Mr. Urman was the co-owner and head of business development at Spray Labs LLC in Portland, Oregon.

12. On July 23, 2014, Wellbeing filed the Underlying Lawsuit against Dr. Harper, PLLG, and David Urman. The Underlying Lawsuit alleges, *inter alia*, that the defendants therein were misrepresenting Wellbeing's proprietary information, products, and services as Dr. Harper's own, as well as using Wellbeing's marketing, promotional, and advertising ideas, phrases, and scientific terminology as Dr. Harper's own in order to promote and sell Dr. Harper's products and programs.

13. Dr. Harper was insured under a $1 million liability policy with American Casualty, in effect from January 7, 2014, to January 7, 2015.  Plaintiff performed her obligations under the contract by paying premiums.  The policy was in full force and effect.  The policy requires American Casualty to defend and indemnify Dr. Harper for the types of claims asserted by Wellbeing in the Underlying Lawsuit.

14. The policy insures Plaintiff for "personal and advertising injury" liability. Among other things, that coverage provides:

> "Personal and advertising injury" means injury, including consequential "bodily injury," arising out of one or more of the following offenses:
>
> **f.** The use of another's advertising idea in your "advertisement"; or
>
> **g.** Infringing upon another's copyright, trade dress or slogan in your "advertisement."

15. This policy language encompasses the exact type of conduct alleged by Wellbeing in the Underlying Lawsuit.  The petition, several amended petitions, and supplemental petition in the Underlying Lawsuit allege in great detail that Dr. Harper and the other defendants in the

Underlying Lawsuit wrongfully infringed upon and/or used Wellbeing's advertising ideas, trade dress, and/or slogans in their own advertisements.

16. American Casualty was given notice of the claims when Wellbeing filed its first amended petition in the Underlying Lawsuit on September 9, 2014.  The insurer wrongfully denied coverage on October 15, 2014.

17. Wellbeing filed a second amended petition in the Underlying Lawsuit on April 27, 2015.  American Casualty was given notice of that amended pleading, and Dr. Harper renewed her demand that American Casualty provide a defense and indemnity under the policy.  The insurer once again denied coverage on September 15, 2015.  Wellbeing has since filed a third amended petition, a supplemental petition, and a fourth amended petition in the Underlying Lawsuit.  American Casualty has been given notice of these additional and supplemental pleadings and continues to fail to fulfill its obligation to defend its insured under the policy.

## V. FIRST CAUSE OF ACTION: DECLARATORY RELIEF

18. Plaintiff incorporates by reference the allegations as stated above.

19. Dr. Harper seeks declarations that the insurance policy issued by American Casualty provides potential coverage for the claims asserted by Wellbeing and that American Casualty is obliged to provide a defense in connection with the Underlying Lawsuit.  Plaintiff further seeks a declaration that American Casualty is liable for the defense costs incurred to date and any future defense costs incurred in connection with the Underlying Lawsuit.

20. American Casualty is liable to Plaintiff for her reasonable and necessary attorney's fees incurred in seeking declaratory relief, as provided by Tex. Civ. Prac. & Rem. Code § 37.009.

## VI. SECOND CAUSE OF ACTION: BREACH OF CONTRACT

21. Plaintiff incorporates by reference the allegations as stated above.

22. American Casualty insured Dr. Harper at the time of these claims. The policy is a valid contract, was in full force and effect, and Plaintiff had performed all obligations under the policy by paying the required premiums. Plaintiff is an insured party under the policy. All conditions precedent to recovery have been met or have occurred. Defendant has a duty under the policy to pay the Plaintiff's defense costs because the terms of the policy and the allegations against the plaintiff in the Underlying Lawsuit unambiguously require Defendant to defend Plaintiff or, alternatively, because the terms of the policy and/or the allegations against Plaintiff in the Underlying Lawsuit are ambiguous and must be construed in favor of coverage. By denying Dr. Harper's claim for coverage under the policy and failing to promptly pay Dr. Harper's defense costs in connection with the Underlying Lawsuit, American Casualty breached (and continues to breach) its contractual duty to Dr. Harper. The insurer has also committed an anticipatory breach of its duty to indemnify its insured.

23. American Casualty is liable for damages resulting from these breaches because these breaches have caused and continue to cause Plaintiff substantial damages. As a result of these breaches, Plaintiff has incurred and continues to incur substantial sums to pay for her own defense in the Underlying Lawsuit. To date, Dr. Harper has incurred over $630,000.00 in defense costs, for which American Casualty is liable. American Casualty is also liable for any additional defense costs that are incurred. Defense costs continue to accrue.

24. Because American Casualty has breached its contract with Plaintiff, it is liable for reasonable and necessary attorney's fees as provided by Tex. Civ. Prac. & Rem. Code § 38.001.

## VII. THIRD CAUSE OF ACTION: UNFAIR INSURANCE PRACTICES

25. Plaintiff incorporates by reference the allegations as stated above.

26. By the conduct detailed above, American Casualty has committed unfair insurance practices in violation of Tex. Ins. Code Ch. 541, and those unfair practices have been producing causes of damages to Plaintiff. Specifically, American Casualty has committed the following unfair practices:

   (a) **Misrepresenting the terms, benefits, and advantages of the insurance policy, in violation of § 541.051(1)(B):** American Casualty misrepresented the benefits it would pay under the policy and misrepresented that the loss is not covered.

   (b) **Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement after liability became reasonably clear, in violation of § 541.060(a)(2)(A):** American Casualty's liability is reasonably clear because the loss is covered by the plain language of the policy and is not limited by the provisions American Casualty relies on.

27. Each violation is a producing cause of actual damages to Plaintiff, for which Defendant is liable.

28. Further, these unlawful acts and practices were done "knowingly" in that American Casualty had actual awareness of the falsity and unfairness of its actions.

29. Plaintiff is entitled to recover actual damages, court costs, and attorneys' fees, as provided by Tex. Ins. Code § 541.152(a). Plaintiff is further entitled to additional damages because American Casualty knowingly committed the violations, as provided by § 541.152(b).

## VIII.  FOURTH CAUSE OF ACTION:  PROMPT PAYMENT VIOLATION

30. Plaintiff incorporates by reference the allegations as stated above.

31. Dr. Harper gave written notice of the claim to American Casualty through its agent on or about October 6, 2014, by sending it a copy of the first amended petition in the Underlying Lawsuit. That triggered American Casualty's deadline to pay the claim within sixty days, as required by the Prompt Payment of Claims Statute, Tex. Ins. Code § 542.058(a). American Casualty violated this statutory deadline by failing to timely pay the claim by providing

a defense and reimbursing defense costs already incurred. As a result, American Casualty is liable to pay Plaintiff, in addition to the amount of the unpaid claim, interest at the rate of 18% per annum as damages, together with reasonable attorneys' fees. *See* Tex. Ins. Code § 542.060(a).

## IX. DAMAGES

32. Plaintiff incorporates by reference the allegations as stated above.

33. American Casualty's conduct as set forth above was a producing and proximate cause of damages to Plaintiff. Therefore, Plaintiff is legally entitled to recover her damages from American Casualty.

34. Plaintiff is also entitled to recover statutory damages of 18% per annum as provided by Tex. Ins. Code § 542.060.

## X. ADDITIONAL DAMAGES

35. Plaintiff incorporates by reference the allegations as stated above.

36. Because American Casualty's acts were committed knowingly, Defendant is liable for additional damages as a penalty or by way of punishment under Tex. Ins. Code § 541.152(b).

## XI. ATTORNEYS' FEES

37. Plaintiff incorporates by reference the allegations as stated above.

38. American Casualty is liable to Plaintiff for her reasonable and necessary attorneys' fees in an amount to be established at trial, including all fees necessary in the event of an appeal, as provided by Tex. Ins. Code § 541.152(a)(1) and § 542.060(b), Tex. Civ. Prac. & Rem. Code § 38.001, and Tex. Civ. Prac. & Rem. Code § 37.009.

## XII. JURY DEMAND

39. Plaintiff requests a jury decide this case. The appropriate jury fee has been paid.

## XIII.  PRAYER

Plaintiff prays that American Casualty be cited to appear and answer.  Plaintiff also prays that upon final trial of this case she obtains a declaration that: (1) the insurance policy issued by American Casualty provides potential coverage for the claims asserted by Wellbeing in the Underlying Lawsuit; (2) American Casualty is obliged to provide a defense in that lawsuit; and (3) American Casualty is liable for the defense costs incurred to date and future defense costs incurred in connection with the Underlying Lawsuit.  Plaintiff further prays that upon final trial of this case she has judgment against American Casualty for actual damages, statutory penalties, additional damages, prejudgment and postjudgment interest as allowed by law, reasonable and necessary attorneys' fees, costs, and all such other relief to which she may be justly entitled.

Respectfully submitted,

*/s/ Ernest Martin, Jr.*
Ernest Martin, Jr.
State Bar No. 13063300
ernest.martin@haynesboone.com
Haynes and Boone, LLP
2323 Victory Avenue, Suite 700
Dallas, Texas 75219-7673
Telephone: (214) 651-5000
Facsimile: (214) 651-5940

Gregory C. Salton
State Bar No. 24094938
gregory.salton@haynesboone.com
Haynes and Boone, LLP
600 Congress Avenue, Suite 1300
Austin, Texas 78701-3236
Telephone: (512) 867-8400
Facsimile: (512) 867-8470

**ATTORNEYS FOR PLAINTIFF
RUTHIE HARPER, M.D.**